## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

**JOHN R. BUTCHER**                                                                    **PETITIONER**


**vs.**                                    **Civil No. 1:25-cv-01078**


**DEXTER PAYNE,**
**Director of Arkansas Division of Corrections**                    **RESPONDENT**


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner, John R. Butcher's ("Butcher"), Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  Butcher filed an Amended Petition, and Supplements to the Amended Petition. (ECF Nos. 10, 12, and 16.)  Dexter Payne, Director of the Arkansas Division of Correction ("Respondent") filed a Response to the Petition, and Butcher filed a Reply, and a Supplement to the Reply. (ECF Nos. 18, 19, and 20.)  This Court ordered additional briefing from Respondent on two issues. (ECF No. 22.)  Respondent filed his response to the Court's Order. (ECF No. 24.)  Petitioner filed a Reply. (ECF No. 25.)

This Petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition, Amended Petition, Supplements to the Petition, Responses, and Replies and finds this Petition should be **DENIED.**  Further, the Court finds that no evidentiary hearing is necessary.[1]

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not

1

1. **Background**

On March 6, 2014, Butcher entered a guilty plea to breaking or entering in Columbia County, Arkansas Circuit Court case number 14CR-13-173, and received a 120-month suspended sentence. (ECF 18-1.) On September 25, 2019, Butcher pleaded guilty to violating various conditions of his suspended sentence in case number 14CR-13-173 by committing new crimes, possessing controlled substances, and being delinquent in paying costs and/or fines. (ECF No 18-5.) His suspended sentence was revoked, and he was sentenced to 120 months in the Arkansas Division of Correction ("ADC"). *Id.* Butcher did not file a direct appeal challenging his conviction or sentence in case 14CR-13-173.

Also on September 25, 2019, Butcher entered guilty pleas to commercial burglary and felony theft of property in Columbia County, Arkansas Circuit Court case number 14CR-19-166. (ECF No. 18, pp. 28-31.) Butcher received sentences totaling 60 months in the ADC and suspended sentences of fifteen years. These sentences were to run concurrent with the sentence imposed in case number 14CR-13-173. (ECF No. 18, pp. 28, 30.)

On November 16, 2022, the State filed a Petition alleging Butcher had violated the terms and conditions of his suspended imposition of sentence in case 14CR-19-166. (ECF No. 18-13, p. 1.) On February 16, 2023, Butcher plead "true" to violating the terms and conditions of his suspended imposition of sentence. *Id.* Butcher's suspended sentence was revoked in case 14CR-19-166, and an order sentencing him to 216 months in the ADC was entered on June 29, 2023. (ECF No. 12, pp. 14-17.)

---

in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).

On October 12, 2023, Butcher filed a writ of habeas corpus in state court regarding both 14CR-13-173 and 14CR-19-166.  The state court denied the petition on both cases on February 20, 2024.  (ECF No. 18-6 and 18-10.)  Butcher appealed the orders on April 16, 2024, and the Arkansas Supreme Court denied both on September 26, 2024.  (ECF Nos. 18-7, 18-8, and 18-11.)

Butcher initiated this habeas action on October 9, 2025.  (ECF No. 1.)  Butcher's habeas petition was postmarked October 3, 2025, and it contained a cover letter to the Clerk of Court that Butcher dated October 3, 2025.  (*Id.*)  Butcher asserts four grounds for the issuances of a writ of habeas corpus in this Petition: (1) the circuit court judge erred in 14CR-13-173 by refusing him a hearing to review the evidence; (2) the circuit judge, public defender, and state prosecutor violated his due process and double jeopardy rights by not dismissing 14CR-13-173 as they had agreed to do upon his completion of a rehabilitation program; (3) his double jeopardy rights were violated when he was convicted in 14CR-19-166; and (4) the Arkansas Parole Board discriminated him by allegedly submitting a letter to the circuit judge stating their position in regard to the use of medical marijuana by parolees.  (ECF No. 10, pp. 8, 10, 11, and 13.)

The Respondent argues each of Petitioner's claims are time barred and therefore should be dismissed.  (ECF No. 18.)  Additionally, and in the alternative, Respondent argues Butcher's claims are meritless.  *Id*.

## 2.  **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") established a one-year statute of limitations for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2254.  In general, a movant for collateral relief has one year from "the date

3

on which the judgment became final" to file a petition challenging his or her conviction, subject to certain tolling provisions.

AEDPA's one-year statute of limitations began to run at the conclusion of direct review in each case. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). The conclusion of direct review for a petitioner who pleaded guilty in an Arkansas state court is 30 days from the entry of judgment. *Camacho v. Hobbs*, 774 F.3d 931, 934-45 (8th Cir. 2015).

As to case 14CR-13-173, Butcher entered a plea of true to the petition to revoke his suspended imposition of sentence on September 25, 2019, and the state court entered its judgment on October 7, 2019. (ECF No. 18-5 and 18-9.) Butcher did not file a direct appeal of the revocation sentence, and thus his conviction on that case became final on November 6, 2019. Butcher waited until October 9, 2025, to file this Petition. (ECF No. 1.) Butcher's Petition is time-barred under the AEDPA one-year statute of limitations as to case 14CR-13-173 unless there are grounds to support tolling of the limitations period.

As to case 14CR-19-166, Butcher entered his plea of true to the petition to revoke his suspended imposition of sentence on February 16, 2023, and the state court entered its judgment on June 29, 2023. Butcher did not file a direct appeal of the revocation sentence, thus his conviction on that case became final of July 29, 2023. Butcher waited until October 9, 2025, to file this Petition (ECF No. 1.) Butcher's Petition is time-barred under the AEDPA one-year statute of limitations as to case 14CR-19-166 unless there are grounds to support tolling of the limitations period.

Although Butcher has not provided which tolling provisions might apply; the limitations clock may be statutorily or equitably tolled, but neither of these situations applies here. However, the Court will consider both.

One such tolling provision allows this statute of limitations to be tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Butcher sought credit for jail time served prior to his guilty plea by filing a series of motions beginning November 6, 2019, in both case 14CR-13-173 and 14CR-19-166. Both matters were resolved by June 26, 2020, after the State agreed that Butcher was entitled to jail time credit and his petitions were denied by the trial court. (ECF No. 18-11; 18-12.)

Even assuming Butcher's petitions for jail time credit tolled the limitations period, tolling during this period ended when the trial court denied said petitions on June 26, 2020, and thus, the limitations period began again and expired on June 26, 2021. (ECF No.18-11, 18-12.) Nonetheless, Butcher filed this petition four years later, on October 9, 2025, well after the tolling period ended. (ECF No. 1.)

Additionally, even if this Petition is read to be based on the revocation of his suspended sentence in 14CR-19-166, the Petition would still be time barred. As previously stated, Butcher's suspended imposition of sentence was revoked due to his plea of true, and an order sentencing him was entered on June 29, 2023. (ECF No. 12, pp. 14-17.) Butcher's convictions thus became final on July 29, 2023. Butcher filed state habeas corpus petitions, however these petitions were not filed until October 12, 2023. (ECF No. 18-6 and 18-10.) Both of these Petitions were denied on

5

February 20, 2024.  (ECF No. 18-6 and 18-10.)  He appealed the orders on April 16, 2024, and the Arkansas Supreme Court denied both on September 26, 2024. (ECF Nos. 18-7, 18-8, and 18-11.)

Granting Butcher every possible benefit of timing, including the tolling provisions of 28 U.S.C. § 2244(d)(2), and excluding the time during which all the time the post-conviction applications were pending would not make his petition timely.  Pursuant to 28 U.S.C. § 2244(d)(2), Butcher's one-year statute of limitations would have been tolled during the pendency of the state habeas corpus petitions.  Ninety-five days elapsed from the date his conviction became final on July 29, 2023, until he filed his state petitions for a writ of habeas corpus on October 12, 2023.  Those proceedings were concluded on September 26, 2024, when the Arkansas Supreme Court denied the appeal of those petitions.  From September 26, 2024, another 378 days elapsed before October 9, 2025, the date Butcher filed the current Petition.  Accordingly, giving Butcher the benefit of the 28 U.S.C. § 2244(d)(2) tolling provisions still would not render the Petition timely because, in total, the Petition was still filed outside of the one-year limitations period.

As for equitable tolling, a petitioner is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required.  *See id*. at 653.  Butcher's Petition does not establish he acted with any due diligence in pursuing the timely filing of this Petition.  Butcher's Petition also does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file the Petition before the statute of limitations ran.  *See, e.g., Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008).

Therefore, AEDPA's one-year statute of limitation applies in this case, and Butcher's Petition is untimely and must be dismissed.[2]

### 3.  Conclusion

Based on the foregoing, it is recommended the Petition under 28 U.S.C. § 2254 be **DENIED,** this *habeas* action be **DISMISSED WITH PREJUDICE,** and a Certificate of Appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  ***See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 8th day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court finds the Petition is untimely and should be dismissed, the Court will only address this issue and will not discuss the merits of Butcher's Petition.